UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRES AGUIAR,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-235-P |
| VERSUS | JUDGE DEE D. DRELL |
| M.A. STANCIL, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Alter or Amend Judgment (Doc. 26) filed by pro se Plaintiff Andres Aguiar (#37249-053) ("Aguiar"). Aguiar filed a Complaint under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,[1] which was denied and dismissed with prejudice. (Doc. 24). After the Judgment (Doc. 24) was signed, the Clerk received Aguiar's Objection to the Report and Recommendation, which Aguiar alleges was timely provided to the prison for mailing. (Docs. 25, 32).

Aguiar's Motion (Doc. 26) seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure. "A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. Hydrochem. Inc., 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

injustice. See Williamson Pounders Architects, P.C. v. Tunica County, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Aguiar did not ask the Court to amend its Judgment to correct an error. Aguiar requests that the Judgment be set aside and that the Court consider Aguiar's Objection. Therefore, Aguiar's Motion is more appropriate under Rule 60(b) of the Federal Rules of Civil Procedure, which provides the grounds for obtaining relief from a final judgment.[2]

Because Aguiar alleges that he timely submitted his Objection to the Court, his Motion (Doc. 26), construed as a Motion under Rule 60 of the Federal Rules of Civil Procedure, is GRANTED so the District Judge may consider his Objection (Doc. 25) to the Report and Recommendation.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  5th  day of June, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[2] (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
Fed. R. Civ. P. 60.